October 29, 2018

Billy T. Green, Jr.
13949 Jibstay Street
Corpus Christi, Texas 78418

United States Courts
Southern District of Texas
FILED

NOV 0 1 2018

David J. Bradley, Clerk of Court

JUDGE DAVID R. JONES
UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION
1133 N. SHORELINE BLVD
CORPUS CHRISTI, TEXAS 78401

Chapter 7 Trustee:
CHRISTOPHER R. MURRAY
DIAMOND MCCARTHY, LLP
909 FANNIN ST., 37TH FLOOR
HOUSTON, TEXAS  77010

U.S. Trustee:
OFFICE OF THE US TRUSTEE
606 N CARANCAHUA
CORPUS CHRISTI, TEXAS 78401

Dear Judge Jones,

I would like to request a Permission to Incur a Debt letter. My truck has been out of service since May 10, 2018. My son and I have had to use Uber and rental cars. My net (and gross) income as of September 24, 2018 is $6400 biweekly 1099. It is my understanding that upon request, I may be granted permission to incur debt prior to discharge of the bankruptcy. From what I have learned, the letter would typically indicate a maximum loan amount and payment amount allowed by the Court.

I am also awaiting Loancare LLC/Mid America Mortgage's mortgage modification proposal. Their company has made numerous contacts with me offering a mortgage modification after my bankruptcy filing date. I am a little confused as to why they would continue to try to evict us from our home on the one hand, and offer a modified mortgage with reduced principle on the other. I will include the information I have located with regards to protection under the Automatic Stay rule, mainly so I will have it for my records.

This information appears to indicate that an Automatic Stay would be granted in my situation (homeowner: )

Many clients face eviction from their homes after foreclosure. At first glance, even a bankruptcy filing might not help, since § 362(b)(22) of the Bankruptcy Code states that there is no automatic stay of eviction where a pre-filing judgment for possession has been entered. Such clients may be safe, however. The plain language of this section does not apply to post-foreclosure evictions, and lenders/servicers/foreclosure purchasers instead must file for and obtain relief from the automatic stay before they can proceed with an eviction.

*Section 362(b)(22) states:*

*The filing of a petition…does not operate as a stay subject to subsection (l), under subsection (a)(3), of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor.*

(Subsection (a)(3) provides that proceedings trying to get possession of or exercise control over estate property are prohibited. Subsection (l) provides for an imposition and extension of the stay if rent arrearages are brought current, and the first month's post-petition rent is escrowed with the Court.)

In other words, if (b)(22) applies, there is no automatic stay whatsoever. If this section applies to a post-foreclosure eviction, a bankruptcy filing would not prevent the lender/servicer/foreclosure purchaser from proceeding with an eviction. (There would also be no ability to extend the stay by a cure under subsection (l), since you can not bring current "rent arrearages" when there is no rent or lease.) But does (b)(22) even apply to a post-foreclosure eviction?

Based on a plain reading of the Code, no.

Parsing the language of (b)(22) makes clear its limited applicability:

*A proceeding by a lessor…*

*In the absence of a lease or rental agreement, a loan servicer, mortgage holder or foreclosure purchaser is not a lessor, rendering the section inapplicable to most post-foreclosure eviction situations.*

*this information is from Bankruptcy Law Network.com

Henry J. Sommer, *Consumer Bankruptcy Law and Practice,* Eighth Edition, Â§9.4.5.6 n. 183 states:

The prepetition judgment for possession must relate to rental property in which the debtor resides under a lease or rental agreement. It does not apply, for example, to an eviction judgment obtained by a purchaser or property at foreclosure who does not have a lease or rental agreement with a debtor occupying the property. See In re McCray, 342 BR 668, 669 (Bankr. D.C. 2006).

Professor Sommer (who is also the Editor-in-Chief of *Collier on Bankruptcy*) accurately states the application of this section. Clients who are facing post-foreclosure eviction may continue to take advantage of the additional time afforded by a bankruptcy filing without fear of a Â§342(b)(22) exception to the automatic stay.

Thank you,

*/s/ Billy T. Green, R.Ph.*

Billy T. Green, Jr., R.Ph.