UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| In re:<br><br>BILLY T. GREEN, Jr.<br><br>Debtor. | Case No. 18-20374 (DRJ)<br><br>Chapter 7 |

**TRUSTEE'S APPLICATION TO EMPLOY
THE LAW OFFICE OF THOMAS J. CRANE AS SPECIAL COUNSEL
PURSUANT TO SECTIONS 327(e) AND 328(a)**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

| | |
|---|---|
| **Name of Trustee** | Christopher Murray |
| **Name of Professional to Be Employed** | Law Office of Thomas J. Crane<br>Thomas J. Crane (lead) |
| **Reason that Employment of Professional is Needed** | Continue prosecution of pre-petition employment lawsuit. |
| **Compensation Arrangement** | Full contingency pursuant to section 328(a) with special counsel to advance costs. |
| **Reason the Trustee Selected the Professional** | The firm previously represented the debtor pre-petition and is well qualified to continue the case. |

TO THE HONORABLE DAVID R. JONES:

1.      The Debtors filed for relief under chapter 7 on August 27, 2018.

2.      Christopher Murray was appointed chapter 7 trustee ("Trustee").

3.      The Trustee seeks to retain the Law Office of Thomas J. Crane, and its principal, Thomas J. Crane (together, "Crane") on a contingency fee basis to represent the Trustee in prosecuting a personal injury action brought in the Southern District of Texas on behalf of Debtor Billy T. Green. *See Green v. Christus*, No. 2:18-cv-00064 (S.D. Tex.) (the "Employment Litigation").

4.      The Trustee requires representation to prosecute the Employment Litigation for the benefit of the estate. The Trustee negotiated a contingency fee arrangement with Crane. A contingency fee arrangement is appropriate because there are no funds with which to engage counsel to pursue this litigation on a basis other than a contingency fee arrangement.

5.      The Trustee seeks to employ Crane as special counsel under section 327(e) for the limited purpose of prosecuting the Employment Litigation for the benefit of the estate.

6.      The Crane firm has offices at 900 N.E. Loop 410, Suite D306, San Antonio, Texas 78209. Its phone number is 210-736-1110.

7.      Thomas Crane will be the lead attorney for the Trustee in the Employment Litigation.

8.      The Trustee has selected Crane because of its familiarity with the Employment Litigation as the firm that filed the lawsuit and its principal's qualifications as an accomplished trial lawyer with experience litigating employment claims in Texas. Mr. Crane's practice focuses on wrongful conduct of employers, and he has been practicing employment law for over 20 years.

9.      The Trustee has determined in his business judgment that employing Crane to prosecute the Employment Litigation is in the best interest of the estate.

## Statement Regarding Connections to the Case

10.      Crane has previously represented the Debtor Billy T. Green, Jr. in the Employment Litigation. Except as set forth in the supporting Crane Declaration, at Exhibit B, Crane has no other connection with the Debtors, their creditors, any other parties in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

11.      Crane neither represents nor holds any interest adverse to the debtor or to the estate with respect to the matter on which Crane is to be employed.

## Compensation

12.      Crane's proposed compensation is a stair-step contingency fee based on the timing of the underlying recovery. The percentage terms are expressed in detail in the Contingent Fee Agreement at Exhibit C. In general, (a) 40% of any recovery after the filing of a lawsuit but before the close of discovery; or (b) 45% of any recovery that occurs after discovery has closed.[1] Crane will also be reimbursed expenses.

13.      This contingency fee structure is within the range of contingency fee arrangements for this type of engagement in the Texas market.

14.      Notwithstanding the boilerplate language in the Contingent Fee Agreement, the following limitations will apply to the employment:

---

[1] The Contingent Fee Agreement provides that Crane would be entitled to 33% of any pre-suit recovery.  However, the underlying lawsuit has already been filed, so this provision is no longer applicable.

a. Crane's employment and compensation are in all respects subject to Court approval;

b. No other attorneys may be hired without the approval of the Court;

c. Reimbursement for expenses shall be limited to those expenses reasonable and necessary for the benefit of the estate;

d. In no event shall the estate be liable to Crane for more than the estate actually receives from the Employment Litigation;

e. Crane may withdraw from the representation only with Court permission;

f. Settlement of the Employment Action must be on terms acceptable to the Trustee, in his business judgment, and subject to review and approval of the Court under Rule 9019(a) or other applicable law.

15.     In the event of any conflict between the Contingent Fee Arrangement and any Order of the Court regarding the employment of Crane, any such Order shall govern.

16.     The Trustee has evaluated the estate's available resources, the complexity of the Employment Litigation, the anticipated costs, and the associated risks of the litigation. The Trustee has determined that the Employment Litigation is a valuable asset of the estate that would be lost without continued representation. The Trustee believes that a contingency arrangement is in the best interest of the estate and its creditors because the estate lacks funds to hire non-contingency counsel for the Employment Litigation. Indeed, Crane would advance costs for experts and other expenses that the estates lack the resources to fund. By employing Crane, the estate incurs no additional administrative expense without a direct corresponding benefit.

17.     Crane received $500 from Green at the outset of the engagement with the Debtor in order to pay for expenses associated with the lawsuit.  Prior to the Petition Date, $400 of the funds were spent on filing fees, and $70 was spent serving the lawsuit.  Thus, only $30 of the expense deposit remained as of the Petition Date.  Crane returned the remaining $30 to the estate per the request of the Trustee.

18.     On or about January 23, 2019, the Debtor provided Crane with an additional $500 for purposes of paying expenses in the litigation.  That post-petition payment has been returned to the Debtor.

19.     Although the Debtor was responsible for expenses under the prior engagement agreement, Crane has agreed that there would be no obligation for the estate to pay the Crane firm any expenses associated with the litigation if the Employment Litigation is unsuccessful.

20.     The Trustee has determined that hiring Crane as special counsel is in the best interest of the estate and its creditors because (a) prompt retention of counsel is necessary because the Employment Litigation is pending and active; (b) the Crane firm is well qualified to handle the representation; (c) the Crane firm is already up to speed in the case, preventing the need for a new firm to evaluate and then take on the case; (d) bringing in a different firm at this stage would serve no clear purpose and would only delay things to the potential detriment to the estate.

### Authority for Employment Nunc Pro Tunc

21.     The Trustee seeks to employ Crane nunc pro tunc to the petition date of August 27, 2018.  The Court has discretion to issue an order approving the employment of an attorney nunc pro tunc under its general equity powers.  In re Triangle Chemicals, Inc., 697 F.2d 1280, 1288-89 (5th Cir. 1983).  Bankruptcy Local Rule 2014-1(b) sets forth the requirements for a nunc pro tunc application.  First, this application was filed as soon as the Trustee was able to determine that pursuing this litigation and hiring Crane was in the best interest of the estate. Although the petition was filed in August, the case was not set for a section 341 meeting of creditors until February 2, 2019.  At the meeting of the creditors, the Trustee learned of the potential cause of action and obtained the contact information of pre-petition counsel, Crane.  The Trustee then interviewed Crane to determine whether the claim had value to creditors. This work was done in advance of

preparing this application to employ Crane in order to prevent unnecessary cost to the estate in the event that the Trustee determined the claim was not worth pursuing.  Second, relief as of the petition date is required because this concerns ongoing litigation, and the Trustee wants to avoid any argument that actions taken to preserve the value of the ongoing litigation were not authorized to be taken by Crane on behalf of the estate.  Finally, the Trustee believes no party in interest would be prejudiced by nunc pro tunc relief and, on the contrary, it is in the best interest of the estate and its creditors that Crane be employed as of the petition date. Under these circumstances, an order nunc pro tunc is appropriate.

<u>**Conclusion**</u>

The Trustee asks the Court to approve the employment of The Law Offices of Thomas J. Crane under section 328(a) as set forth above and in the proposed order and to grant such other relief as is just.

Respectfully submitted,

*/s/ Christopher Murray*
Christopher Murray, Trustee
4119 Montrose Blvd, Suite 230
Houston, TX 77006
TBN: 24081057
Tel. (832) 529-3027
Fax. (832) 529-3393
chris@jmbllp.com

6

Exhibit A

Thomas J. Crane

Thomas J. Crane is a 1980 honors graduate from Texas Christian University in Fort Worth, Texas. He graduated from Tulane Law School in 1983. He clerked for Robert P. Jackson, a state district judge in Louisiana and served in the US Army from 1984 to 1988.

He is admitted to the Louisiana and Texas bars, and before the Western District of Texas; Southern District of Texas, and the 5th Circuit, Court of Appeals. He engaged in solo practice from 1989 to 2003. He specialized in employment law, primarily representing employees, and in commercial litigation. He was a career Reserve officer until he retired in 2008. He was called to active duty in 2003 and again from 2005 to 2006, when he served in Iraq.

He was employed with Advocacy, Inc., a non-profit law firm representing persons with disabilities. He specializes in employment law in San Antonio, Texas under the name of Law Office of Thomas J. Crane. He has spoken at numerous conferences regarding employment law.

He is a member of National Employment Lawyers Association, and has served on the boards of the Texas State Military Museum in Austin, Texas and the board of Boysville in San Antonio, Texas. He is a life member of National Guard Association of the United States.

Author of:

"San Antonio Employment Law Blog" at www.sanantonioemploymentlawblog.com, 2009 to present

"Leave as an Accommodation," presented to NELA convention, 2018 in Chicago, Illinois.

*Associational Discrimination Under the ADA*, UNT DALL. L. REV. ON THE CUSP, Summer 2017, at 10.

"The Women Behind the Travis Park Statue," Aug. 25, 2017, San Antonio *Express-News*, p. A15.

Co-Author: "Introduction to Reasonable Accommodation under the ADA & Leave Requests under the FMLA." Co-presenter with Bill Bush and Darcie Brault. At NELA Convention, 2017 in San Antonio, Texas.

"Get Out or Just Get Busy: Five years after *Gross v. FBL Financial*," at NELA Annual Convention, June, 2014, Boston, Mass.

"Adventures with Boy Scout Troop 66," GP Solo Magazine, January/February, 2012

"When Uncle Sam Calls," GP Solo Magazine, Sept., 2009.

"Case Selection," National Disability Rights Network Annual Conference, 2008, New Orleans, La. (and co-presenter)

"How to Get it to the Jury" – Avoiding Summary Judgment – presented at Wrongs, Rights & Remedies in Employment Law, 3/3/2000 at Magnolias on Main, San Antonio

"Case Selection, or How did I get this Dog?" at Wrongs, Rights & Remedies in Employment Law, June, 2002, Holiday Inn Express, San Antonio, Texas


Presented at:

"Introduction to Reasonable Accommodation under the ADA & Leave Requests under the FMLA." Co-presenter with Bill Bush and Dracia Brault. At NELA Convention, in San Antonio, Texas, 2017.

"Americans with Disabilities Act and ADA: Tips for Staying Compliant," Retirement & Healthcare Conference, San Antonio, Texas, Sept., 2015. Sponsored by Univ. N. Carolina, Keenan-Flagler Business School.

"How to Request an Accommodation," San Antonio Bar Association, lunch meeting, 2015

"Get Out or Just get Busy? The ADEA Five Years after *Gross v. FBL Financial Services, Inc*." – presented at NELA national convention June, 2014 in Boston, Massachusetts

"The Flexible Interactive Process: How and When to Ask for Reasonable Accommodation" – Disability Rights of Texas, San Antonio, Tx, 2007

Co-presenter for "Summary Judgment," National Disability Rights Network Annual Conference, New Orleans, La., 2008

"Americans with Disabilities Act" – Texas Rural Legal Aid Annual Conference, Concan, Tx, 2004

"Case Selection, or How did I get this Dog?" at Wrongs, Rights & Remedies in Employment Law, Holiday Inn Express, San Antonio, Texas, 2002

"How to Get it to the Jury" – avoiding summary judgment – presented at Wrongs, Rights & Remedies in Employment Law, at Magnolias on Main, San Antonio, 2000

Appeared in:

 "The Telling Project: San Antonio" at Tobin Center, Oct., 2014: 7 performances regarding veteran service in Iraq and Afghanistan.

Exhibit B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

In re:

         BILLY T. GREEN, Jr.

         Debtor.

Case No. 18-20374 (DRJ)

Chapter 7

**DECLARATION OF THOMAS J. CRANE
IN SUPPORT OF TRUSTEE'S APPLICATION TO EMPLOY
THE LAW OFFICES OF THOMAS J. CRANE**

I, Thomas J. Crane, do hereby state under penalty of perjury:

    1.      I make this declaration in support of the Trustee's application to employ my firm as special counsel in this case.

    2.      I am an attorney licensed to practice in the State of Texas.

    3.      I am the principal of The Law Offices of Thomas J. Crane ("Crane"), a boutique law firm specializing in employment law.

    4.      The firm's offices are located at 900 N.E. Loop 410, Suite D306, San Antonio, Texas 78209.

    5.      Prior to the commencement of this bankruptcy case, I was retained by Debtor Billy T. Green to represent him in an employment law action arising out of his termination from prior employment.

    6.      My qualifications and professional history are summarized in **Exhibit A** to the application. My practice focuses on wrongful conduct of employers, and I have been practicing employment law for over 20 years.

    7.      I was retained by Mr. Green on a full contingency fee basis. These are the same terms on which I would be employed by the Trustee, subject to the following modifications:

        a.      Crane's employment and compensation are in all respects subject to Court approval;

        b.      No other attorneys may be hired without the approval of the Court;

        c.      Reimbursement for expenses shall be limited to those expenses reasonable and necessary for the benefit of the estate;

        d.      In no event shall the estate be liable to Crane for more than the estate actually receives from the Employment Litigation;

      e.       Crane may withdraw from the representation only with Court permission;

      f.       Settlement of the Employment Action must be on terms acceptable to the Trustee, in his business judgment, and subject to review and approval of the Court under Rule 9019(a) or other applicable law.

8.      The contingency fee terms are within the range of fees ordinarily charged for similar cases in the Texas market.

9.      I received $500 from Mr. Green at the outset of the engagement with the Debtor in order to pay for expenses associated with the lawsuit.  Prior to the Petition Date, $400 of the funds were spent on filing fees, and $70 was spent serving the lawsuit.  Thus, only $30 of the expense deposit remained as of the Petition Date.  I returned the remaining $30 to the estate per the request of the Trustee.

10.      On or about January 23, 2019, Mr. Green provided me with an additional $500 for purposes of paying expenses in the litigation.  That post-petition payment has been returned to the Debtor.

11.      I do not have any agreement to share fees.

12.      Neither I nor the Crane firm represents or holds any interest adverse to the debtors or the estate with respect to the matter for which we will be employed.

Signed, under penalty of perjury, on April 2, 2019:

Thomas J. Crane

Exhibit C

Law Office of
**THOMAS J. CRANE**
110 Broadway, Suite 420
San Antonio, Texas 78205
210-736-1110
210-745-4258 (Fax)

7 November 2017

Billy T. Green
13949 Jibstay St.
Corpus Christi, Texas 78418

      Re: Christus Health

Dear Mr. Green,

Please find enclosed a representation agreement hiring me for your lawsuit against Christus Health. Please review it and call me with any questions. If you understand it and have no questions, then you may simply sign it and send it back to me.

As we discussed, you could file a complaint with the EEOC regarding Christus Health's failure to accommodate your hip needs. The deadline for an EEOC charge would be 300 days after the last act of discrimination. That means the deadline for an EEOC complaint would be about now.

Regarding a possible FMLA violation, the deadline is two years from the last act of discrimination. It sounds like you first became aware that you were terminated about February, 2017. That means your deadline for an FMLA lawsuit would be about mid-February, 2019, but it could also be mid-December, 2018.

Note that the contract provides that I will be paid 33% of any recovery prior to filing the lawsuit; 40% after a lawsuit is filed; and 45% after discovery ends. You, as the client will be required to pay the costs of the lawsuit – if there is a recovery of damages.

This agreement does not apply to any appeals that might later become necessary. If there is an award of attorney's fees, then I will be entitled to the greater amount between the attorney fee award and the appropriate percentage amount.

Please provide my office with any papers related to your termination. Please let my office know when you received those three write-ups. We also ask clients to pay $500 for the filing fee. But, if you cannot pay the $500, we will still file suit.

After I receive a signed contract and $500, I will start working on your case. If there is no response to this letter, then this offer to represent you will expire within 30 days.

Thank you for contacting me regarding these issues. I look forward to working with you.

Page Two of Two
November 7, 2017

Sincerely yours,

Thomas J. Crane

Enc

# LAW OFFICE OF THOMAS J. CRANE
## REPRESENTATION AGREEMENT

## I. AUTHORIZATION

_____Billy T. Green_____ (client) and Law Office of Thomas
J. Crane (Law Office) agree to the terms and conditions contained in this representation
agreement. Client retains Law Office to provide the following legal services:
_____file lawsuit regarding FMLA violation_____
_____and termination_____
_____

## II. LAW OFFICE'S DUTIES

**A.    Services**

(1)  Law Office will provide legal services only on the matter indicated above.  Law
Office's obligations under this agreement terminate at the completion of the services
indicated above or at the time of a termination of its representation, as provided in section
VII below.

 (2) This agreement does not cover appeals from administrative hearings decision or court
judgments unless specified as a service to be provided in section I above. Legal services
for appeals or any other matters not expressly indicated above are new matters.  Client
may apply for legal assistance for new matters, but Law Office is not obligated to provide
such additional services under this representation agreement.

(3) The person handling client's case may or may not be an attorney. In all cases,
however, the handling of client's case will be supervised by an attorney.

(4) Law Office may review client's case with attorneys from national support centers or
private attorneys who co-counsel in disability law cases. By signing this agreement, client
consents to such consultation and co-counseling, as may be needed in client's case.

**B. Communication**

(1) Law Office will communicate with client to the extent reasonably necessary to permit
client to make informed decisions regarding the representation and to alert the client to
important developments. Law Office will promptly comply with client's reasonable
request for information

(2) All documents provided to Law Office by client or prepared on client's behalf will be
returned to client on request, but Law Office may make and keep copies of all
documents.

(3) All communications between Law Office and client will be kept confidential consistent with professional ethics and federal law.

## III. THE CLIENT'S DUTIES

### A. Cooperation

Client will cooperate fully with Law Office in the preparation and handling of client's case. Cooperation includes:

- answering questions asked by Law Office;
- providing all information and papers requested by Law Office;
- attending scheduled appointments;
- answering interrogatories;
- appearing at depositions and hearings and testifying when requested by Law Office;
- consulting with Law Office before accepting a settlement offer.

### B.   Communication

(1) Client will respond to phone calls and correspondence from Law Office on a timely basis. Client will timely inform Law Office of all changes of client's address and telephone number and of where client can be reached during normal business hours.

(2) Client has retained Law Office to be his or her representative and to act as an intermediary with opposing parties and their attorneys. Client should not communicate with opposing parties, witnesses, and others involved in the case because this can damage client's case. Law Office will explain any exceptions to this prohibition.

(3) Client will provide details regarding his/her claim truthfully and openly. Client agrees to disclose to Law Office any criminal arrests or convictions, and any background which might affect his/her claims. Client acknowledges that Law Office has relied on this information in accepting Client's claims for representation. Client understands that any mis-representation regarding Client's claims will serve as the basis for the withdrawal of Law Office from Client's matter.

### C.   Payments

(1) Most cases have out-of-pocket expenses. Client is responsible for these out-of-pocket expenses related to the case, such as excessive postage.

(2) Client is also responsible for any court cost. Court costs include but are not limited to: filing fees, expert fees, deposition costs, subpoenas, witness fees, attorney ad litem fees, and psychological records. Client will be responsible for reimbursing Law Office for costs advanced on the matter if the matter is not successful.

(3) If, due to client's inability to pay, Law Office advances client any court costs, such costs are to be deducted from any settlement or court judgment received by client.

## IV. ATTORNEY'S FEES

### A.     Attorney's Fees Claim

(1) Law Office charges 33% of any recovery prior to lawsuit being filed; 40% through the discovery deadline and 45% after the discovery deadline. In some employment cases, the law provides that a client may make a claim against the opposing party for the client's attorney's fees. This is a claim for additional money that a client has only if he is represented by an attorney. In such cases, Law Office will be entitled to the appropriate percentage, or the attorney fee award, whichever amount is greater.

(2) By signing this agreement, client agrees to pay Law Office, from any money client recovers as a result of this suit, a reasonable fee of __$350__ per hour of attorney time and $75____ per hour of paralegal or law clerk time. In satisfaction of the debt, Law Office may accept monies received as attorney's fees from an opposing party or from Client. By signing this agreement, client assigns his claim for attorney's fees to Law Office. Client also authorizes Law Office to apply for a fee award on client's behalf, and to accept and keep any fee awarded by court or paid by an opposing party in settlement of a client's fee claim.

(3) If Client receives non-monetary benefit from this action and no monetary relief, then Client agrees to pay Law Office the equivalent of his normal hourly wage described above in paragraph 2.

### B.     Determining Fees in Settlement

(1) Very often a lawsuit is settled without ever going to trial in a court. If there is a settlement and the client's case is a type of case that has an attorney's fees claim, part of the settlement money paid will result from the attorney's fees claim which client has assigned to Law Office.

(2) Since, in most settlements, the court will not be involved, the court will not decide how much of the settlement should go to attorney's fees. Sometimes the opposing party whom client has sued will try to divide the settlement money between the amount that goes to client and the amount that goes to Law Office. The opposing party may want to divide the settlement in a certain way for its own reasons. Neither client nor Law Office is required to agree to the division the opposing party wants to make.

(3) Nothing in this section or in this agreement affects the right of client to decide whether to make or accept an offer of settlement. This section does, however, require the client to divide any settlement accepted in the manner described below.

(4) If you do not receive any money or injunctive/equitable relief as a result of these claims, of course, you have no obligation to pay us for our services. You would be obligated to pay only for the out-of-pocket expenses, which are discussed above. There is one exception to this term, which applies if you take an unreasonable position that seriously jeopardizes our firm's likelihood of recovering a full fee. An express condition of our decision to take this case on a contingency basis is that you agree not to waive our right to recover our fees in whole or in part. We willingly undertake the financial risk that __Christus Health__, will not be reasonable in negotiating a fair settlement, as well as the risk that we might lose in court. We are not, however, willing to take the risk that you will abandon or unnecessarily compromise your claims, waive our fees by terminating either the action or our firm, accept a smaller than reasonable amount in settlement or, reject a reasonable settlement offer.

## VI. SETTLEMENT OF THE CASE

Law Office may take all necessary and appropriate actions consistent with ethical rules in providing legal services to client, including, but not limited to, entering into settlement negotiations. Any settlement must be approved by client. Client authorizes Law Office to receive, on behalf of client, checks or other forms of payment made in satisfaction of client's claims, whether by settlement or judgment.

## VII. TERMINATION OF REPRESENTATION

### A.    Law Office's Right to Withdraw

Law Office may close client's case, withdraw from the case or dismiss the case, as may be appropriate under the circumstances, and as may be consistent with the Disciplinary Rules of Professional Conduct if:

1. Law Office has completed the services it has agreed to provide or Law Office has reasonably determined that further representation would not benefit client;

2. Client violated any of the duties in Section III (the previous section);

3. Law Office is not able to contact client despite reasonable efforts;

4. Client indicates an intention to give false testimony or is found to have misrepresented or concealed facts concerning the case;

5. Client directs Law Office to file any paper, or insists on advancing any claim or defense, which the Law Office attorney directly or by supervision of a paralegal, reasonably believes will subject him or her to sanctions;

6. Client refuses to obey a court order which Law Office has advised client to obey;

7. Other circumstances exist that permit or require an attorney to withdraw under the Texas Disciplinary Rules of Professional Conduct.

**B.    Client's Right to Discharge Law Office**

Client may request that Law Office stop all further legal assistance to client and to withdraw from the case.  If client so request, Law Office will comply with client's request in a manner consistent with the Disciplinary Rules of Professional Conduct.

## VIII. NO GUARANTEE OF SUCCESS

1. Client acknowledges that Law Office cannot make any guarantee of success.  Nor can law Office warrant the outcome of the matter in anyway. Client acknowledges that Law Office has not warranted or guaranteed that Client will recover any specific amount in the matter. Client understands that law Office can express an opinion about the case, but that opinion is not a guarantee or warranty regarding the outcome.

2. Client understands that in the event of a loss on the matter, then Client is responsible for paying any costs awarded to the Defendant. Not all Defendants seek an award of costs if the Defendant prevails, but a successful Defendant may choose to seek costs. "Costs" refers to expenses of a lawsuit, such as deposition fees. If a lawsuit is found to be "frivolous," then it is possible that the Client will be ordered to pay the Defendant's attorney's fees.

## IX. FILES

Law Office agrees to maintain client's file five years after the completion of these services. Law Office will return to client any original documents when these services are completed. Client agrees to request any original documents upon the conclusion of these services.

Law Office of Thomas J. Crane

CLIENT:

_Thomas J. Crane_

_Billy T. Green_
Billy T. Green

21 Dec 2017
DATE

12/12/2017
DATE